IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| ISAAC MURRAY, ] | CIVIL ACTION NO: 3:05-1571 |
| ] | |
| Plaintiff, | |
| ] | |
| | O R D E R |
| -vs-           ] | |
| | |
| ALL LEADERS OR HEIRS          ] | |
| SINCE 1865; | |
| U.S. ATTORNEY GENERAL | |
| ASHCROFT; CITY OF COLUMBIA    ] | |
| ENGINEERING DEPARTMENT; | |
| COLUMBIA POLICE DEPARTMENT; ] | |
| GOVERNOR SANFORD; | |
| RAPHA COMM. CARE HOME;        ] | |
| ALL CHEMICAL PLANTS; | |
| MISS NOEL, RAPHA CCH;         ] | |
| LEXINGTON COUNTY PROBATE | |
| COURT;                        ] | |
| ENVIRONMENTAL PROTECTION | |
| AGENCY;                       ] | |
| ALL HEIRS TO ANCESTORS IF | |
| DECEASED WORLDWIDE;           ] | |
| SC SOCIAL SECURITY | |
| ADMINISTRATION;               ] | |
| US TAX COMMISSION; AND | |
| US TREASURY DEPT.,            ] | |
| | |
| Defendants. | |



The instant *pro se* action was initiated by the plaintiff Isaac Murray. Mr. Murray is a patient at a psychiatric hospital in South Carolina and has filed other actions in this court that appear to relate to his involuntary commitment to the psychiatric hospital. Plaintiff has

-1-

listed a number of defendants in this action. One defendant is Governor Sanford whom the plaintiff alleges is guilty of "not stopping all trash and garbage pick up by April 30, 2005." In addition, he lists facts concerning his arrest by the Columbia Police Dept. However, he fails to allege anything specific that the Columbia Police did that may have violated his constitutional rights. Plaintiff's also alleges in his complaint that:

> Rapha Gaston SC for tying to prevent me from leaving there home for the mentally ill + trying to see to it that Cynthia Mallard of the Mental Health Gaston could do it for them. Miss Noel of Rapha for cashing a check of mine that I told her to hold for me. SS admin for trying to defraud me of my money. US Tax Comm. For defrauding me of money. US Tresy [sic] for letting those in politic and the public for corruding [sic] them. Worldwide. It was also stipulated in my letter same day anyone stop or any violation of the laws was supposed to be give a summon to appear before me.

The relief sought by plaintiff is:

> See to it immediately that I am to be taken off of all medication immediately until I can be given a fair + inpartial [sic] trial to prove my innocent or guilty. I would like to see this in writing as soon as possible and see to it that all 4 my document are to be given the highest priority known to mankind. See to it that everyone is to be told that they are sued for the maximum under my laws. If there is any reduction for anyone that decision is to be left up to me. Even the means of paying your debt to me. Understood?

Pursuant to the Local Rules of this Court, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for review. In his report, the Magistrate Judge recommends that the Court dismiss this action due to the plaintiff's failure to state a cause of action upon which this court can grant relief. The plaintiff has not objected to the recommendation.



The applicable standard of review for this Court is clear. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. <u>Matthews v.</u>

Weber, 423 U.S. 261 (1976). The Court is charged with making a <u>de novo</u> determination of those portions of the report and recommendation to which specific objection is made 28 U.S.C. §636(b)(1)(C). However, the Court is not required to review, under a <u>de novo</u> or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the recommendation to which no objections are addressed. <u>Thomas v. Arn</u>, 474 U.S. 140, 150 (1985). In the instant action, the plaintiff has not objected to the Magistrate Judge's recommendation.

      The Court is aware that the plaintiff is *pro se* and has carefully reviewed the plaintiff's complaint. Upon review, the court notes that the plaintiff has named numerous defendants. However, plaintiff's complaint fails to state any specific allegations against any of the individual defendants. Instead, the plaintiff generally alleges that the defendants have not followed his directions. Accordingly, the Court finds no basis upon which this court can exercise jurisdiction over the allegations set forth in plaintiff's complaint. The Court concurs with the recommendation of the Magistrate Judge that this case should be dismissed. The Magistrate Judge's recommendation is approved. For the reasons set forth in the Report and Recommendation of the Magistrate Judge, this action is hereby DISMISSED.

      IT IS SO ORDERED.

_____
MATTHEW J. PERRY, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
_____, 2005.